**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **LABORERS' PENSION FUND and** ) | |
| **LABORERS' WELFARE FUND OF THE** ) | |
| **HEALTH AND WELFARE DEPARTMENT** ) | |
| **OF THE CONSTRUCTION AND GENERAL** ) | |
| **LABORERS' DISTRICT COUNCIL OF** ) | |
| **CHICAGO AND VICINITY, and JAMES S.** ) | |
| **JORGENSEN, Administrator of the Funds,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Case No. 15 C 5331** |
| **v.** ) | |
| ) | **Judge Harry D. Leinenweber** |
| **WINDY CITY MAINTENANCE** ) | |
| **CONTRACTORS, INC.** ) | |
| ) | |
| **Defendant.** ) | |

**PLAINTIFFS' MOTIONS TO REINSTATE THIS CAUSE
AND TO ENTER JUDGMENT CONSISTENT WITH THE
TERMS OF THE PARTIES' SETTLEMENT AGREEMENT**

Plaintiffs, the Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and James S. Jorgensen, in his capacity as the Administrator of the Funds (collectively hereinafter the "Funds"), by their attorneys respectfully request this Court to reinstate the above captioned matter, and consistent with the Parties' Settlement Agreement add Jorge Elizondo as an individual Defendant and enter judgment in favor of the Funds and against the Defendants, Windy City Maintenance Contractors, Inc. (the "Company") and Jorge Elizondo. In support of this motion the Plaintiffs state the following:

1.     On or about March 29, 2016, the Parties entered into a Settlement Agreement And

1

Release (the "Agreement"), covering the audited period of October 1, 2014 through June 30, 2015, to resolve the above captioned lawsuit. A copy of the Agreement signed by Jorge Elizondo, as President of Windy City Maintenance Contractors, Inc., is attached hereto as Exhibit 1.

2. The terms of the Agreement (See Exh. 1 at ¶1) provide that, simultaneously with the execution of the Agreement, Jorge Elizondo would sign his Company's Installment Note (the "Note") with the Funds (See Exhibit 2, the Note), which is explicitly incorporated into the Agreement, and provides for the total payment amount of $49,925.81.

3. The terms of the Agreement (See Exh. 1 at ¶1) also provide that Jorge Elizondo would sign a Personal Guaranty ("Guaranty"), indicating that he personally guaranties the payment of $49,925.81 to the Funds. This Guaranty is also explicitly incorporated into the Agreement (See Exhibit 3 attached hereto).

4. The Agreement further provides that, if the Company fails to pay either its Note or its ongoing monthly contributions, it shall be deemed in default within ten (10) days after the date payments are due, or within ten (10) days of a material breach of the terms of the Agreement or Note (Exh. 1, ¶5).

5. In the event of a default, the Agreement provides that the Company has twenty (20) days to cure. But should the Company fail to cure within that period, the Funds have the right to reinstate this action, and, upon motion in accordance with the Court rules and notice to the Company, the Funds are entitled to entry of judgment by the Court against the Company and against Jorge Elizondo, as an individual Defendant, pursuant to the Guaranty (Exh. 1, ¶5). The Agreement grants leave to amend the Complaint seeking judgment against Mr. Elizondo for all amounts due as described in the Agreement, Note and Guaranty, including reasonable attorneys' fees incurred by the

Funds to obtain the judgment order, with notice of such motion to the Company at 1040 N. Rockwell Street, Unit 1, Chicago, Illinois (Exh. 1, ¶¶5-6).

6.      Additionally, according to the Agreement, the Company and Elizondo, are not permitted to raise defenses to bar judgment of the unpaid balance (Exh. 1, ¶6).   The Note also contains an acceleration clause enabling the Funds to collect the full amount remaining on the Note in the event of a default (Exh. 2, ¶¶8-9).   Thereby, upon motion, the Funds are entitled to entry of the balance owed against the Company and Elizondo in the event of a default and failure to cure within the cure period.

7.      According to the Agreement, the judgment shall include all unpaid amounts plus the reasonable attorneys' fees incurred in the Funds' efforts to seek compliance with the terms of the Agreement (Exh. 1, ¶¶5-6; Exh. 2, ¶9).   The undersigned counsel has sent notice to the Company as specified in the Agreement and has further communicated with the Company's counsel by email and phone, sending notice of Plaintiffs' motion to reinstate this cause, adding Elizondo as an individual Defendant, and moving for judgment for the remaining balance on the Note and liquidated damages plus reasonable attorneys' fees.

8.      According to the affidavit of James Fosco, the Funds' Field Representative, the Company failed to submit <u>any</u> of the Note payments and was in default as of June 11, 2016, with a Note balance of $39,204.60 remaining due to the Funds pursuant to the Agreement and the Note. The Company failed to cure within the twenty day cure period, and the Funds are further entitled to $7,840.92 in liquidated damages for the unpaid Note payments (See Exhibit 4, Fosco Affidavit at ¶¶5-6).

9.      Additionally, the Company failed to timely pay its monthly work hours report for July

2016 and its dues report for May 2016, which it is obligated to timely pay pursuant to its collective bargaining agreement with the Union, and also under the terms of the Agreement and Note (See Exh. 1, at ¶3; Exh. 2, at ¶9; Exh. 4, at ¶7) . The Funds and the Union are entitled to assess liquidated damages on untimely payments as stated in Mr. Fosco's affidavit and as reflected in the attached Payment Plan Worksheet, Contribution Exception History, Letter to the Contractor, and Summary Report (See Exh. 4A, Reports). The Company owes the amount of $7,035.26 in principal contributions, $1,407.06 for liquidated damages and $131.89 in accumulated interest for its unpaid July 2016 work hours report, and the dues shortage owed for the Company's May 2016 report reflects that $201.60 is owed to the dues funds plus $59.48 is owed to the Union for the respective accumulated liquidated damages (See Exh. 4, Fosco at ¶7; and Exh. 4A, pp. 2-3) .

10.     According to the undersigned's attached affidavit and fee report, the attorneys' fees incurred in the Funds collection efforts from the date of breach on June 11, 2015 to the present show the amount of $3,003.00 is owed pursuant to the Parties' Agreement (See, Schumann Affidavit, Exhibit 5; Fee Report Exhibit 5A).

11.     Thus, Plaintiffs seek to reinstate this cause, and consistent with the Parties' Stipulated Dismissal, consenting to this Court's jurisdiction for the purpose of enforcing the Parties' Settlement Agreement through September 30, 2016 (See, Stipulation of Dismissal, Exhibit 6) and this Court's extension of that deadline up to and including, October 30, 2016 that was granted at the parties mutual request at the last court status and motion hearing in this case, heard on September 13, 2016.

WHEREFORE, Plaintiffs request this Court enforce the Parties' Agreement, reinstating this cause, adding Jorge Elizondo as an individual Defendant and entering judgment consistent with the Parties' Agreement, for the remaining amounts owed on the Note, covering the audited period of

October 1, 2014 through June 30, 2015, and for the Company's unpaid monthly obligations for its May 2016 dues report, July 2016 work hours report, liquidated damages, accumulated interest and the Funds' attorneys' fees incurred in collection efforts on the Note and in order to obtain this judgment from the date of the Company's default.

Respectfully submitted,

  /s/Sara S. Schumann    
*One of Plaintiffs' attorneys*

Karen I. Engelhardt
Sara S. Schumann
Ryan M. Thoma
Allison, Slutsky & Kennedy, P.C.,
230 West Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

October 13, 2016